IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| TOSHA LYNETTE ROBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 317-005 |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Tosha Lynette Robbins appeals the decision of the Acting Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

I. **BACKGROUND**

Plaintiff applied for DIB and SSI on July 10, 2013, alleging a disability onset date of December 14, 2012. Tr. ("R."), pp. 248-258. Plaintiff was forty years old on her alleged disability onset date and forty-three years old at the time the Administrative Law Judge ("ALJ") issued the decision under consideration. R. 73, 248. Plaintiff initially applied for benefits based

on allegations of pain relating to her right knee, right shoulder, and back injury with bulging disc. R. 252. Plaintiff completed the twelfth grade. R. 72. Prior to her alleged disability, Plaintiff had accrued a relevant work history as a nursing assistant and deli worker in a grocery store. R. 253, 232.

The Social Security Administration denied Plaintiff's applications initially, R. 136-139, and on reconsideration, R. 152-57. Plaintiff requested a hearing before an ALJ, R. 158-60, and the ALJ held a hearing on September 30, 2015. R. 79-110. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from Tina Baker-Ivy, a Vocational Expert. Id. On October 27, 2015, the ALJ issued an unfavorable decision. R. 64-73.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since December 14, 2012, the amended alleged onset date. (20 C.F.R. §§ 404.1571 *et seq*. and 416.971 *et seq*.).

2. The claimant has the following severe impairments: degenerative disc disease, degenerative joint disease, depression, and obesity. (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a),[1] except that

---

[1]"Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of

> claimant should be allowed to use a cane to ambulate; can occasionally climb ramps and stairs, bend, and stoop; should never climb ropes, ladders, and scaffolds, crouch, or crawl; and can have occasional non-intensive interactions with co-workers, supervisors, and the general public. Thus, the claimant is unable to perform any past relevant work. (20 C.F.R. §§ 404.1565 and 416.965).
>
> 5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including final parts assembler, assembler, and surveillance system monitor (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, 416.969(a)). Therefore, the claimant was not under a disability, as defined in the Social Security Act, since December 14, 2012, the alleged disability onset date. (20 C.F.R. §§ 404.1520(g), 416.920(g)).

R. 66-73.

When the Appeals Council ("AC") denied Plaintiff's request for review, R. 6-12, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision.

Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ failed to properly: (1) weigh the medical evidence and determine Plaintiff's RFC; and (2) evaluate Plaintiff's credibility. See doc. no. 11 ("Pl.'s Br."). The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 14 ("Comm'r's Br.").

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether

---

> light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.
>
> 20 C.F.R. §§ 404.1567(b) & 416.967(b).

the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply

4

correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

Plaintiff argues the ALJ erred in giving little weight to the opinions of Plaintiff's treating psychiatrist, Dr. Thomas Rumble, because they are based on appropriate medical findings and are not contradicted by objective evidence relied on by the ALJ. Pl.'s Br., p. 18; R. 46. For the reasons stated below, the Court concludes the case should be remanded.

### A. Assigning Weight to Medical Opinions

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004); Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (affirming ALJ's rejection of

5

treating physician's opinion when such opinion conflicted with the doctor's treatment notes and claimant's testimony regarding daily activities).

When considering how much weight to give a medical opinion, the ALJ must consider a number of factors:

> (1) whether the doctor has examined the claimant; (2) the length, nature and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's "opinion is with the record as a whole"; and (5) the doctor's specialization.

Forsyth v. Comm'r of Soc. Sec., 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)). In particular, the Commissioner's regulations require that the opinions of examining physicians be given more weight than non-examining physicians, the opinions of treating physicians be given more weight than non-treating physicians, and the opinions of specialists (on issues within their areas of expertise) be given more weight than non-specialists. See 20 C.F.R. §§ 404.1527(c)(1)-(2), (5). However, Social Security Ruling ("SSR") 96-6p provides that findings of fact made by state agency medical consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a nonexamining source at the ALJ and AC levels of administrative review. SSR 96-6p, 1996 WL 374180, at *1 (July 2, 1996).

### B. ALJ's Analysis

Dr. Rumble began treating Plaintiff on April 30, 2014. R. 425-28 Dr. Rumble opined Plaintiff suffers from major depressive disorder, which is recurrent and severe but without psychotic features, resulting in marked limitations in understanding detailed instructions, concentration, and pace, and moderate limitations in social interaction and adaptation. R. 475, 478. As a result, Dr. Rumble opined Plaintiff would have to miss more than three days

of work per month. R. 479

The Court's greatest concern with the otherwise well-supported decision of the ALJ is the paragraph containing the opinions of "Dr., a state agency psychological expert," finding Plaintiff suffered only from moderate limitations. R. 71. The ALJ did not provide a citation to the record when discussing these opinions, and, despite a thorough review, the Court has been unable to locate the source of these opinions in the record. Thus, the Court does not know whether the opinions exist and, consequently, whether the ALJ properly considered the opinions in making his decision.

Indeed, it appears the ALJ gave at least some weight to the opinions of the unnamed state expert, as the ALJ found Plaintiff suffered from a severe mental impairment and included a nonexertional limitation in her RFC, despite giving little weight to the opinions of Dr. Rumble, who provides the only psychiatric opinions in the record. R. 66, 69, 71.

On the other hand, if the ALJ did not rely on the unnamed state expert's opinion, the ALJ failed to offer any explanation for accepting the portions of Dr. Rumble's opinion supporting the ALJ's conclusion of a severe impairment but giving less weight to the portions of the opinion stating Plaintiff suffered from several marked limitations. "It is not enough to discover a piece of evidence which supports [the administrative] decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole." McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986); see also Martin v. Heckler, 748 F.2d 1027, 1033 (5th Cir. 1984) (rejecting misuse of one set of positive test results, to the exclusion of all other evidence of record, to find claimant not disabled when the ignored evidence suggested other severe impairments). Accordingly, the

Court cannot meaningfully review the ALJ's decision to determine whether it is supported by substantial evidence.

Furthermore, the Court finds the ALJ failed to show good cause for giving Dr. Rumble's opinions little weight. The ALJ's discussion of Dr. Rumble's psychiatric opinions was brief. R. 71. In support of his decision to give Dr. Rumble's opinions little weight, the ALJ stated: (1) Dr. Rumble found marked impairment in concentration, persistence, and pace, but his records predominantly discuss Plaintiff's "mood problems"; (2) there was "no way" Dr. Rumble could determine Plaintiff would need to miss more than three days of work per month based on treating Plaintiff once every one to two months; (3) there is no basis for the start date of Plaintiff's symptoms other than her subjective allegations; and (4) Dr. Rumble's written narrative "seems to indicate that he feels [Plaintiff's] physical problems are greater than her mental impairments." Id. Because Dr. Rumble is a treating physician, his opinion may be properly discounted only if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis, 125 F.3d at 1440; Phillips, 357 F.3d at 1241.

First, in his explanation for attributing little weight to Dr. Rumble's opinion, the ALJ stated, although Dr. Rumble found marked impairments in concentration, persistence, and pace, his January 28, 2015 treatment notes, "talk much more about [Plaintiff's] mood problems." R. 71. In support, the ALJ stated Dr. Rumble's treatment notes show Plaintiff's "'orientation, memory, and cognitive functioning appear intact,'" there were "'no endorsed delusions, illusions, or hallucinations,'" and Plaintiff's "'insight [was] maintained.'" R. 68, 473. However, the ALJ failed to acknowledge the January 28th treatment notes also indicate Plaintiff "has depressed facies [sic] and is intermittently tearful," has "some sense of futility

8

about her life at this point and a passive death wish," which impairs her judgment. R. 473. The ALJ also failed to explain why Dr. Rumble's focus on Plaintiff's "mood problems" is inconsistent with either his diagnosis of severe depression or his opinion that Plaintiff would suffer from marked limitations regarding understanding, concentration, persistence, and pace. R. 478. Furthermore, the January 28th treatment notes are consistent with Dr. Rumble's treatment notes for the two-and-a-half years prior to the September 30, 2015 hearing before the ALJ. R. 421-35, 468-79, 529-34.

Second, the ALJ states "there is no way" Dr. Rumble would be able to determine Plaintiff would have to miss more than three days of work per month, because Dr. Rumble only treated Plaintiff once every one to two months. R. 72. Without a basis of objective evidence in the record in support of his conclusory assertion, the ALJ could not determine whether Dr. Rumble could adequately assess Plaintiff's ability to maintain a constant work schedule after treating her every two months for almost a year. R. 421-35, 468-73, 475. Furthermore, as the Commissioner correctly states, the ALJ should consider the length and frequency of treatment in evaluating an opinion. Comm'r's Br., p. 15. Dr. Rumble treated Plaintiff for almost a full year prior to opining she would need to miss more than three days of work per week, but the ALJ cited no evidence in the record to undermine Dr. Rumble's opinion. R. 71.

Third, the ALJ indicates there is no basis for the start date of Plaintiff's symptoms other than her "subjective allegations" they began in May 2013, since Dr. Rumble did not begin to treat her until more than six months later. R. 71. Dr. Rumble states in a questionnaire filled out on February 24, 2015 it is his "best medical opinion" Plaintiff's symptoms apply as far back as January 2013. R. 479. The Commissioner argues this

9

statement supports the ALJ's decision to give Dr. Rumble's opinion little weight because it shows his opinion was "overstated." Comm'r's Br., p. 15. Although Dr. Rumble's opinion predates his treatment of Plaintiff, his opinion is well-supported by Plaintiff's description of her symptoms, as reported in Dr. Rumble's treatment notes, and is consistent with Plaintiff's statement that her mental symptoms began after her accident at work on December 14, 2012. R. 470, 472. The ALJ does not cite any evidence in the record showing Dr. Rumble's opinion regarding the start date of Plaintiff's symptoms is contradicted by objective evidence or inconsistent with his treatment notes.

Finally, the ALJ states Dr. Rumble opined in a February 24, 2015 letter Plaintiff's physical problems were greater than her mental impairments. R. 71. Although Dr. Rumble stated he "believed that the primary rate limiting condition pertinent to determination of disability under the social security act resides in her residual physical problems . . . ," he also recounted Plaintiff's primary psychiatric diagnosis of "[m]ajor depressive disorder recurrent, severe, without psychotic features," and described Plaintiff as "significantly depressed . . . ." R. 481-82. Furthermore, Dr. Rumble stated in the February 24th questionnaire Plaintiff's "chronic pain [and] depression exacerbate each other." R. 477. Thus, while Dr. Rumble opined Plaintiff's physical impairments provided the primary basis for a disability determination, he did not state Plaintiff's mental impairments were not severe or disabling. Accordingly, Dr. Rumble's opinion regarding the relative severity of Plaintiff's impairments is consistent with his opinion regarding the Plaintiff's mental impairments.

For these reasons, the ALJ failed to show good cause for assigning little weight to Dr. Rumble's opinions. Accordingly, the ALJ committed reversible error in giving Dr. Rumble's opinions little weight. Crawford, 363 F.3d at 1159.

The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's disability applications, but the Court cannot conclude the decision as reported by the ALJ is supported by substantial evidence. As such, remand is warranted. The Court need not reach Plaintiff's remaining contentions. Cf. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert testimony alone warrants reversal,' we do not consider the appellant's other claims.") Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 16th day of May, 2018, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA